**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

CHARLES ZIEGENFUSS, DAVID MONTGOMERY, BRIAN ROBINSON, and FIREARMS POLICY COALITION, INC.,

*Plaintiffs,*

v.

STEVEN C. MCCRAW, in his official capacity as Director and Colonel of the Texas Department of Public Safety,

*Defendant.*

CIVIL ACTION NO. 4:24-cv-01049

## DEFENDANT'S ORIGINAL ANSWER

Defendant, Freeman Martin,[1] in his official capacity as Director of the Texas Department of Public Safety, respectfully file this answer to Plaintiffs' Complaint (ECF No. 1).

**ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b), for each and every allegation asserted in Plaintiffs' Complaint Defendant only admits those allegations expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiffs' Complaint. Titles of headings that are reproduced in this Answer are included for organizational purposes only, and Defendant does not admit any matter contained therein.

INTRODUCTION

1. Defendant admits that Texas Penal Code § 46.03 prohibits, in certain cases, possession of a firearm on the premises of a racetrack or business that has a permit or license issued under certain provisions of the Texas Alcoholic Beverage Code and that derives at least 51 percent

[1] Steven C. McCraw retired from his position as Director and Colonel of the Texas Department of Public Safety on December 1, 2024; Director Martin is substituted in as the defendant for purposes of this litigation.

of its income from the sale or service of alcoholic beverages for on-premise consumption. Defendant admits that § 46.03 prohibits, in certain cases, possession of a firearm on the premises of a location where certain sporting events take place. Defendant admits that the Supreme Court's *New York State Rifle & Pistol Association v. Bruen* decision stated that "the Second Amendment guarantees a general right to public carry." Defendant admits that Plaintiffs are challenging portions of § 46.03's restrictions on firearm possession. Defendant lacks sufficient knowledge to admit or deny any remaining allegation made in this paragraph.

2. Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.
3. Defendant admits that *Bruen* found that the Second Amendment protected an individual right to carry certain firearms outside the home for self-defense. Defendant admits that restrictions on this right that are "consistent with the Nation's historical tradition of firearm regulation," *Bruen,* 597 U.S. 1, 24, do not violate the Second Amendment. Defendant lacks sufficient knowledge to admit or deny any remaining allegations in this paragraph.
4. Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.
5. Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

JURISDICTION & VENUE

6. Defendant admits that the Court has subject-matter jurisdiction to determine whether § 46.03 violates the Second Amendment.
7. Defendant admits that Plaintiffs rely on 28 U.S.C. §§ 1651, 2201, 2202 and 42 U.S.C. §§ 1983 and 1988 to request relief. Defendant lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.
8. Defendant lacks sufficient knowledge to admit or deny that venue is proper in Fort Worth.

PARTIES

9. Defendant admits that Charles Ziegenfuss is a plaintiff. Defendant lacks sufficient knowledge to admit or deny the remaining allegations made in this paragraph
10. Defendant admits that David Montgomery is a plaintiff. Defendant lacks sufficient knowledge to admit or deny the remaining allegations made in this paragraph
11. Defendant admits that Brian Robinson is a plaintiff. Defendant lacks sufficient knowledge to admit or deny the remaining allegations made in this paragraph
12. Defendant admits that Firearms Policy Coalition, Inc., is a plaintiff. Defendant lacks sufficient knowledge to admit or deny the remaining allegations made in this paragraph
13. Defendant admits that Steven McCraw, in his official capacity as Director of the Texas Department of Public Safety, was a sued as a defendant at the time Plaintiffs' Complaint was filed; however, Martin Freeman was sworn in as the current Director of DPS on December 2, 2024. Defendant admits that the Director of DPS is charged by statute to enforce laws protecting public safety and to prevent and detect crime. Defendant admits the Director's office has an official address at 5805 N. Lamar Blvd., Austin, TX 78752. Defendant lacks sufficient knowledge to admit or deny any remaining allegations made in this paragraph.

GENERAL ALLEGATIONS

14. Admit.
15. Defendant admits that § 46.03(a)(7) restricts possession of firearms on the premises of a business that has a permit or license issued under certain provisions of the Texas Alcoholic Beverage Code and that derives at least 51 percent of its income from the sale or service of alcoholic beverages for on-premise consumption. Defendant admits that violation of § 46.03(a)(7) is a third-degree felony and that third-degree felonies can carry a punishment of imprisonment for 2-10 years and/or a fine of up to $10,000. Defendant lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.
16. Admit.

17. Admit.
18. Defendant admits that the restrictions § 46.03 imposes on firearm possession are subject to some exceptions and that among these are exceptions allowing prosecutors and police officers to carry firearms in the locations that § 46.03 applies to. Defendant admits that a member of the public who does not fall under an exception to § 46.03 must abide by the restrictions on possession that § 46.03 creates. Defendant admits that a felony conviction can result in a permanent restriction on an individual's ability to possess firearms.
19. Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.
20. Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.
21. Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.
22. Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.
23. Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.
24. Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.
25. Admit.
26. Admit.
27. Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.
28. Defendant admits that States may restrict firearm possession in sensitive places, even when that possession falls within the scope of the Second Amendment. Defendant lacks sufficient knowledge to admit or deny any remaining allegations of this paragraph.
29. Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.
30. Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.
31. Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

## CLAIM FOR RELIEF

32. Defendant incorporates his responses to Plaintiffs' allegations made within this answer.
33. Admit.
34. Defendant admits that the Second Amendment protects the right to keep and bear arms and that, generally speaking, law-abiding citizens are entitled to exercise that right. Defendant denies such right admits of no limitation, such as restrictions on citizens under the age of 18.
35. Defendant admits that, subject to limitations, the Second Amendment protects an individual's right to carry certain firearms for self-defense outside the home as taught by *New York State Rifle & Pistol Association v. Bruen.* Defendant lacks sufficient knowledge to admit or deny any remaining allegations of this paragraph.
36. Admit.
37. Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.
38. Defendant admits that laws and regulations that are "consistent with the Nation's historical tradition of firearm regulation," *Bruen*, 597 U.S. 1, 24, do not violate the Second Amendment. Defendant lacks sufficient knowledge to admit or deny the remaining allegations made in this paragraph.
39. Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph.

## PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief does not contain allegations, which Defendants are required to answer. To the extent an answer is required, Defendants respectfully request that the Court upon final disposition of this case enter judgment as follows:

a) Deny Plaintiffs any relief; and

b) Grant that Plaintiffs take nothing by this action.

Date: August 12, 2024

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Deputy Chief, Special Litigation Division

*/s/ Zachary L. Rhines*
ZACHARY L. RHINES
Special Counsel
Texas State Bar No. 24116957
zachary.rhines@oag.texas.gov

KYLE S. TEBO
Special Counsel
Texas State Bar No. 24137691
kyle.tebo@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Telephone: (512) 463-2100

COUNSEL FOR THE STATE OF TEXAS

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on February 4, 2025, a true and correct copy of the above and foregoing document has been served using the CM/ECF system to all counsel and parties of record.

Bradley A. Benbrook
Texas State Bar No. 24142064
brad@benbrook.lawgroup.com

Stephen M. Duvemay
Texas State Bar No. 24139565
steve@benbrooklawgroup.com

BENBROOK LAW GROUP, P.C.
701 University Avenue, Suite 106
Sacramento, California 95825
Telephone: (916) 447-4900
Facsimile: (916) 447-4904

R. Brent Cooper
Texas State Bar No. 04783250
brent.cooper@cooperscully.com

S. Hunter Walton
Texas State Bar No. 24106548
hunter.walton@cooperscully.com

COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540

COUNSEL FOR PLAINTIFFS

*/s/ Zachary L. Rhines*
ZACHARY L. RHINES
Special Counsel