UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CHARLES ZIEGENFUSS, ET AL.,**

  Plaintiffs,

v.                                                      **No. 4:24-cv-01049-P**

**FREEMAN MARTIN,**

  Defendant.[1]

# ORDER

On February 4, 2025, the Court ordered the Parties to meet and confer regarding a briefing schedule because the issues in this case "appear to be purely legal in nature." ECF No. 22. The Parties complied and proposed a schedule that included cross-motions for summary judgment on or before April 16, 2025, and a combined opposition and reply brief on or before May 14, 2025. ECF No. 23. The Court accepted the proposal, and on April 16, 2025, the Parties filed their cross-motions. ECF Nos. 25, 29.

In Defendant Freeman Martin's (the "State") brief, the State asserts that "[t]he parties appear to agree on the merits of this case." ECF No. 29 at 1. In other words, the State concedes that the Texas Penal Code sections at issue are unlawful under the Second Amendment. Rather than contend with the merits, the State raises several "justiciability problems" in support of its Motion for Summary Judgment. *Id.*

Given the complexity of the justiciability concerns raised and the State's posture in this case, the Court finds it prudent to make two modifications to its previous briefing order. *First*, the Court **ORDERS** that the Parties file replies, separate from the opposition briefs due on May 14, 2025. The reply briefs shall be filed **on or before May 28, 2025**

---

[1] Freeman Martin has replaced Steven C. McCraw as Director and Colonel of the Texas Department of Public Safety. The Clerk of the Court shall update the case style to reflect this change, and the Parties shall make such a change in future filings pursuant to Federal Rule of Civil Procedure 25(d).

and shall not exceed **ten pages**. *Second*, because our legal "system assumes that adversarial testing will ultimately advance the public interest in truth and fairness," the Court finds it necessary to appoint an *amicus curiae* to defend the merits of the Texas Penal Code sections at issue.[2] *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981).

Generally, courts have "broad discretion" to admit an *amicus curiae*. *Lefebure v. D'Aquilla*, 15 F.4th 670, 673 (5th Cir. 2021). And "[w]hether to permit a nonparty to submit a brief, as *amicus curiae*, is, with immaterial exceptions, a matter of judicial grace." *Id.* at 596 (citations omitted). Nonetheless, given the change in circumstances, the Court will allow the Parties to file objections to the Court appointing an *amicus curiae* by **April 29, 2025**.

**SO ORDERED** on this **22nd day of April 2025.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[2]The Court recognizes that the State, through its standing arguments, remains adversarial in this case. Appointment of *amicus curiae* in no way changes the Court's intentions to fully consider the State's standing arguments. However, there is little doubt that this case represents a matter of great importance to Texas and its citizens, and even if the State does not stand by the constitutionality of its laws, justice will be better served—regardless of the outcome—if the law is vigorously defended in court.

2