IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHARLES ZIEGENFUSS, DAVID MONTGOMERY, BRIAN ROBINSON, and FIREARMS POLICY COALITION, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> FREEMAN MARTIN, in his official capacity as Director and Colonel of the Texas Department of Public Safety, <br><br> *Defendant*. | CIVIL ACTION NO. 4:24-cv-01049-P |

**PLAINTIFFS' BRIEF IN SUPPORT OF**

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1
FACTUAL AND PROCEDURAL BACKGROUND ........................................................... 2
A. Texas Agrees To Proceed Directly To Summary Judgment And Then Asserts That Redressability Is Lacking Without The Presence Of Local Authorities As Defendants .... 2
B. Plaintiffs' Proposed Amended Complaint Adds Defendants With Concurrent Enforcement Authority ................................................................................................ 3
ARGUMENT ........................................................................................................................... 5
A. Legal Standard ............................................................................................................. 5
B. Justice Requires Permitting This Narrow Amendment .............................................. 5
C. Permitting Plaintiffs To Amend The Complaint Will Not Disrupt The Pending Summary Judgment Proceedings ................................................................................ 7
CONCLUSION ........................................................................................................................ 8
CERTIFICATE OF CONFERENCE ....................................................................................... 9
CERTIFICATE OF SERVICE ................................................................................................. 9

# INTRODUCTION

Plaintiffs move to amend their complaint in response to the remarkable positions taken by the State of Texas in this case. While claiming to agree with Plaintiffs on the merits that the Carry Bans at issue here violate the Second Amendment, Texas has also argued that the Court should not reach the merits due to supposed jurisdictional limitations. Most notably, Texas argues that Plaintiffs lack standing because, even if the Court writes an opinion explaining why the Carry Bans violate the Second Amendment, local jurisdictions with concurrent enforcement authority will continue to enforce the Carry Bans.

Plaintiffs have demonstrated at length in their summary judgment briefing why the State's jurisdictional arguments are meritless and Plaintiffs could proceed against the Department of Public Safety as the sole Defendant. Nevertheless, to remove as many perceived barriers to reaching the merits as possible, and to provide Plaintiffs with more complete relief (which is not the standard for establishing Article III jurisdiction), Plaintiffs propose amending the complaint to add sheriffs and district attorneys in five counties in and around the Dallas/Fort Worth area where Plaintiffs live and travel, as well as the executive director of the Texas Alcoholic Beverage Commission. Each of these new Defendants shares concurrent enforcement jurisdiction of the Carry Bans along with the Department of Public Safety.

Notwithstanding its jurisdictional arguments, Defendant opposes the proposed amendment. That opposition is meritless as well. The proposed complaint adds no new factual theories and no new causes of action: whether the Carry Bans violate the Second Amendment are all that remain at issue. And DPS would suffer no cognizable prejudice as a result of the amendment—in fact, it is DPS's novel, delay-focused arguments that have instigated this motion to add parties. Plaintiffs respectfully request this Court grant the motion and put this procedural gamesmanship to rest.

## FACTUAL AND PROCEDURAL BACKGROUND

**A. Texas Agrees To Proceed Directly To Summary Judgment And Then Asserts That Redressability Is Lacking Without The Presence Of Local Authorities As Defendants.**

On October 28, 2024, Plaintiffs filed this Second Amendment lawsuit challenging the constitutionality of three provisions of Texas law that criminalize carrying firearms, with or without a permit, in several locations that law-abiding Texans visit in their everyday lives: businesses deriving 51% or more of their sales from alcohol (Tex. Penal Code § 46.03(a)(7)); sporting events (Tex. Penal Code § 46.03(a)(8)); and racetracks (Tex. Penal Code § 46.03(a)(4)). Plaintiffs are three law-abiding citizens licensed to carry in Texas and Firearms Policy Coalition, Inc. ("FPC"), a non-profit membership association with members licensed to carry in Texas, including the named, Individual Plaintiffs. Plaintiffs asserted a single claim for relief under 42 U.S.C. § 1983 against Defendant Steven McCraw, in his official capacity as Director and Colonel of the Texas Department of Public Safety ("DPS"). ECF No. 1. Texas filed its answer on February 4, 2025. ECF No. 20.

Soon after the Answer was filed, the Court observed that Plaintiffs' challenges "appear to be purely legal in nature," ECF No. 22, and the parties agreed with the Court's suggestion that proceeding to summary judgment was appropriate, ECF No. 23. On February 12, 2025, the Court ordered the parties to file cross-motions for summary judgment on or before April 16, 2025. ECF No. 24.

Despite not asserting Eleventh Amendment immunity in its answer and agreeing to proceed directly to summary judgment, Texas claimed (for the first time) in its summary judgment briefing that Plaintiffs' case has "justiciability defects" because local authorities, and not DPS, have the "primary" responsibility of enforcing § 46.03. *See* ECF No. 30, Texas MSJ Br. 12–15 (arguing that "Plaintiffs cannot satisfy redressability" because they have not named local law enforcement agencies, which handle the "bulk of § 46.03 enforcement"); ECF No. 42, Texas MSJ Reply 8–9 (arguing that Plaintiffs have failed to establish redressability based on local law enforcement's role

enforcing § 46.03). The State similarly argued that Plaintiffs lack standing because private property owners and bars may independently restrict carry. Texas MSJ Br. 16–18; Texas MSJ Reply 9.

### B. Plaintiffs' Proposed Amended Complaint Adds Defendants With Concurrent Enforcement Authority.

While Texas' jurisdictional arguments are meritless for the many reasons demonstrated in Plaintiffs' summary judgment briefing, to remove any doubt regarding this Court's authority to reach the merits, Plaintiffs request that the Court grant them leave to amend their complaint to name additional defendants that have *concurrent* enforcement authority with DPS—just as Texas has claimed is necessary here. The proposed amended complaint addresses the purported redressability issue, while the substantive allegations remain unchanged. Specifically, the amended complaint would name the following additional defendants:

- James Stainton, in his official capacity as Wise County District Attorney.
- Cary Mellema, in his official capacity as Wise County Sheriff.
- Jett Smith, in his official capacity as Palo Pinto County District Attorney.
- J.R. Patterson, in his official capacity as Palo Pinto County Sheriff.
- Erleigh N. Wiley, in her official capacity as Kaufman County District Attorney.
- Bryan Beavers, in his official capacity as Kaufman County Sheriff.
- Phil Sorrells, in his official capacity as Tarrant County District Attorney.
- Bill E. Waybourn, in his official capacity as Tarrant County Sheriff.
- John Creuzot, in his official capacity as Dallas County District Attorney.
- Marian Brown, in her official capacity as Dallas County Sheriff.
- Thomas W. Graham, in his official capacity as Executive Director of the Texas Alcoholic Beverage Commission ("TABC").

Proposed FAC, ¶¶ 15–25.[1] These local agencies represent the counties where each of the Individual Plaintiffs live (Wise, Palo Pinto, and Kaufman Counties) along with two additional counties in this

---

[1] Pursuant to Local Rule 15.1, a copy of the proposed amended complaint is attached to this motion as an exhibit. For the Court's convenience, Plaintiffs have also attached as an exhibit a redline

3

district (Tarrant and Dallas Counties) where the Individual Plaintiffs are regularly impacted by the Carry Bans. *Id.*, ¶¶ 9–11 & 32–34.[2]

The proposed amendment also names the TABC due to its role enforcing the ban on carry in so-called "51%" establishments. *Id.*, ¶¶ 25, 28; *see* Texas Alco. Bev. Code § 104.06(c); Texas Gov't Code § 411.204(a) (prescribing "51%" sign requirement); Texas Alco. Bev. Code §§ 101.61, 101.01 (establishing TABC's enforcement authority).

The proposed amended complaint also includes additional allegations concerning DPS' enforcement authority that track Plaintiffs' summary judgment briefing. Proposed FAC, ¶¶ 13–14; *see* ECF No. 36, Plaintiffs' MSJ Br. 4–5, 7–8. These minor additions set forth the statutory provisions governing DPS' administration of the handgun licensing program. Plaintiffs' lone substantive legal claim—that the Carry Bans violate the Second Amendment—remains unchanged.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs sought the State's written consent to the filing of the proposed amended complaint on June 18, 2025. Counsel for DPS stated that Texas would oppose the motion because the parties' cross-motions for summary judgment were pending and, in its view, DPS should no longer be in the case. Plaintiffs asked counsel for DPS for a brief email confirming the reasons for opposing the motion, but no such confirmation was provided.

## ARGUMENT

**A.    Legal Standard.**

Under Federal Rule of Civil Procedure 15(a), once the time for amending a pleading as a matter of course expires, an amendment may only be made "with the opposing party's written

---

version of the proposed amended complaint showing all of the revisions compared to the original complaint.

[2] Of note, these cover the areas where Individual Plaintiffs most frequently travel. Plaintiffs have not taken Texas's argument to its full, logical conclusion that they must name *every* law enforcement official in the state of Texas that has the authority to enforce the Carry Bans and instead focus on those where enforcement is most clear.

4

consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "*requires* courts 'freely give leave [to amend] when justice so requires.'" *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (quoting Fed. R. Civ. P. 15(a)(2)).

While "leave is not automatic," Rule 15 does "'evince[ ] a bias in favor of granting leave to amend.'" *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996) (citation omitted). When "exercising its discretion [to permit amendment], a court may consider undue delay, bad faith, dilatory motive, prejudice to the other party, and the futility of the proposed amendment." *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996) (quoting *State of La. v. Litton Mort. Co.*, 50 F.3d 1298, 1302–03 (5th Cir. 1995) (internal citations and quotation marks omitted)); *see generally Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court also considers "any prejudice that might arise from denial of leave to amend," along with "judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation." *Chitimacha Tribe of Louisiana v. Harry L. L. Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982). On balance, "the discretion of the district court is not broad enough to permit denial," unless the court has a "substantial reason to deny leave to amend." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000).

**B.    Justice Requires Permitting This Narrow Amendment.**

This amendment is not necessary to allow Plaintiffs to maintain a viable lawsuit, contrary to the jurisdictional arguments made by Texas. Nevertheless, the interests of justice are served by granting Plaintiffs leave to file the proposed amended complaint. In particular, this proposed amendment responds to the Texas DOJ's remarkable exhortations that separate law enforcement actors with concurrent authority will continue enforcing the Carry Bans at issue here, even if the Court determines that they violate the Second Amendment. Whereas Plaintiffs are not required to show that their requested relief would provide *complete* relief in order to establish redressability, the amended complaint will provide *more* complete relief by covering several more law enforcement defendants.

Thus, the amended complaint will not add any new factual or legal theories, but will only name additional defendants (local law enforcement authorities and the Executive Director of the TABC) that have concurrent enforcement authority with DPS. Permitting amendment prevents prejudice to Plaintiffs by calling Texas' bluff: if Plaintiffs ultimately prevail, the local law enforcement in and around Plaintiffs' everyday lives will also be enjoined from enforcing the Carry Bans, and TABC will be enjoined from commandeering bars and restaurants to act as enforcers of Penal Code § 46.03(a)(7)'s ban on carry by requiring the posting of "51" signs. Despite adding defendants, the amendment promotes judicial economy by removing the justiciability roadblocks Texas has strained to impose. It also obviates the need for Plaintiffs to file a distinct suit, and then for this Court to evaluate whether those cases should be consolidated, providing a single, clean vehicle to resolve the real issue here—the merits of Texas's admittedly unconstitutional Carry Bans.

On the other side of the ledger, none of the factors that could weigh against permitting amendment are present here. There has been no undue delay—the case has been at issue for less than five months. There is no bad faith or dilatory motive, as Plaintiffs seek only to amend their complaint in response to issues raised for the first time by Texas in its recent summary judgment briefing. And there is no "undue prejudice" to the State because the proposed amended complaint leaves Plaintiffs' lone claim under the Second Amendment unchanged: The proposed amendment does not involve new claims or legal theories, *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004), and permitting amendment would not "fundamentally alter the nature of the case." *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

Indeed, Texas cannot be heard to complain that such an amendment is improper, as the State has brought this issue on itself. The State failed to assert Eleventh Amendment immunity in its Answer, did not file a motion to dismiss on jurisdictional grounds, and then agreed to proceed directly to summary judgment. Had the State provided any hint of these arguments, these issues could have been resolved before summary judgment.

In short, there is no "'substantial reason to deny leave to amend[.]'" *Calhoun v. Collier*, 78 F.4th 846, 854 (5th Cir. 2023) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *see Bamm, Inc. v. GAF Corp.*, 651 F.2d 389, 391 (5th Cir. 1981) (trial court abused its discretion in denying motion to amend where there was no evidence of the *Foman* factors); *Carson v. Polley*, 689 F.2d 562, 584–85 (5th Cir. 1982) (trial court abused its discretion in denying leave to amend where there was no evidence of bad faith or prejudice). Justice requires that Plaintiffs be given leave to file the proposed amended complaint to ensure that this case expeditiously proceeds to the merits.

C. **Permitting Plaintiffs To Amend The Complaint Will Not Disrupt The Pending Summary Judgment Proceedings.**

The pending summary judgment proceedings do not pose a roadblock to granting Plaintiffs leave to file an amended complaint. A motion for summary judgment does not "extinguish[] a plaintiff's right to amend a complaint." *Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984); *see Aforigho v. Tape Prods. Co.*, 334 F.R.D. 86, 91 (S.D. Tex. 2020) (collecting cases permitting plaintiffs to amend in the face of a pending summary judgment motion). This is not a situation where one side is altering their factual theories in response to the other side's factual showing in a summary judgment motion. In its summary judgment reply, Texas cited the statement in *Ramachandran v. Jain*, No. 3:18-CV-811-X, 2022 WL 102612, at *3 (N.D. Tex. Jan. 11, 2022) (Starr, J.), that "summary judgment is not a proper time to amend a pleading." ECF No. 42, at 10. That statement was made, however, in the context of a plaintiff seeking to file a fourth amended complaint to "abandon[]" his consistent allegation throughout the case (that his employment contract was extended from 2017 to 2019) and allege something quite different (that it really had ended in 2017, but there was nevertheless a factual dispute over damages). Plaintiffs have never disputed that the new defendants have concurrent jurisdiction to enforce the Carry Bans at issue here. It never occurred to Plaintiffs that Texas would defend the case by inviting those other law enforcement officers to carry on enforcing the laws if and when this Court enjoins the DPS from enforcing them.

Thus, as shown in Plaintiffs' summary judgment reply, ECF No. 41 at 8–9, the Court can consider the pending motions for summary judgment in the context of the Amended Complaint because the proposed amendment will not affect Plaintiffs' and DPS' arguments vis-à-vis each other. *See, e.g.*, *Callan v. Deutsche Bank Tr. Co. Americas*, 11 F. Supp. 3d 761, 766 (S.D. Tex. 2014), *amended*, 93 F. Supp. 3d 725 (S.D. Tex. 2015) (permitting plaintiff to file an amended complaint that "does not raise new facts or theories" and then "consider[ing] the amended complaint in ruling on the pending cross-motions for summary judgment"); *Clark v. America's Favorite Chicken Co.*, 896 F. Supp. 611, 616 (E.D. La. 1995) (construing summary judgment against proposed amended complaint where "[p]laintiffs [were] not adding a new theory but simply adding defendants under an already existing theory"); *Brooks v. Taylor Cnty., Texas*, No. 1:20-cv-49, 2021 WL 3039016, at *13 (N.D. Tex. July 19, 2021) (permitting amendment that did not affect pending summary judgment filings and treating the motions "as being directed at the allegations in the" amended complaint).

## CONCLUSION

For the reasons set for the above, Plaintiffs' motion for leave to file a first amended complaint should be granted.

Dated: June 26, 2025

Respectfully submitted,

/s/ Bradley A. Benbrook
Bradley A. Benbrook* (TX Bar No. 24142064)
Stephen M. Duvernay* (TX Bar No. 24139565)
BENBROOK LAW GROUP, P.C.
701 University Avenue, Suite 106
Sacramento, California 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

R. Brent Cooper (TX Bar No. 04783250)
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
brent.cooper@cooperscully.com
*Admitted *pro hac vice*
*Attorneys for Plaintiffs*

8

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b)(2), I certify the following:

On June 18, 2025, I conferred by telephone with Zachary Rhines and Kyle Tebo, counsel for Defendant Freeman Martin, in his official capacity as Director and Colonel of the Texas Department of Public Safety. On June 20, counsel for Defendant confirmed by e-mail that DPS opposes this motion.

The parties were unable to reach an agreement regarding the subject matter of this motion. Defendant opposes this motion.

/s/ Bradley A. Benbrook
Bradley A. Benbrook

## CERTIFICATE OF SERVICE

I hereby certify that, on June 26, 2025, a true and correct copy of the foregoing document and all supporting documents filed concurrently therewith were served via the Court's CM/ECF system to all counsel of record.

/s/ Bradley A. Benbrook
Bradley A. Benbrook