IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHARLES ZIEGENFUSS, DAVID MONTGOMERY, BRIAN ROBINSON, and FIREARMS POLICY COALITION, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> FREEMAN MARTIN, in his official capacity as Director and Colonel of the Texas Department of Public Safety, <br><br> *Defendant*. | CIVIL ACTION NO. 4:24-cv-01049-P |

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit this notice of supplemental authority to alert the Court of the recent decisions by the Supreme Court of the United States in *Gutierrez v. Saenz*, No. 23-7809, 606 U.S. ----, 2025 WL 1758506 (June 26, 2025), and the Fifth Circuit in *United States v. Texas*, No. 24-50149, --- F.4th ----, 2025 WL 1836640 (July 3, 2025), which are relevant to the cross-motions for summary judgment pending before the Court. These decisions are attached as Exhibit A and Exhibit B.

### *Gutierrez v. Sanz*

In *Gutierrez*, the Fifth Circuit held that a death row inmate lacked standing to bring a § 1983 suit challenging Texas's procedures for obtaining DNA testing based on a local prosecutor's refusal to test certain crime scene evidence. *See* 2025 WL 1758506, at *3–4 (slip op. at 3–5). Specifically, the court of appeals determined that "Gutierrez's claimed injury was not redressable" because it "would be unlikely to cause the prosecutor to 'reverse course and allow testing.'" *Id.* at *5 (slip op. at 5).

1

The Supreme Court reversed, and the core feature of its opinion is directly relevant to this Court's analysis on summary judgment and confirms that Plaintiffs have satisfied the redressability element necessary for Article III standing. The *Gutierrez* court cautioned that lower courts must not "transform[] the redressability inquiry into a guess as to whether a favorable court decision will in fact ultimately cause" the prosecutor to relent and order DNA testing because there may be other grounds for refusal. *Id.* at *7 (slip op. at 7). In doing so, the Court cited *Reed v. Goertz*, which held that a death row inmate had standing to challenge a DNA testing procedure because a favorable decision would result in "a change in a legal status" such that the prisoner "would obtain relief that directly redresses the injury suffered." 598 U.S. 230, 234 (2023) (citations omitted).

*Gutierrez*'s approach is consistent with Plaintiffs' arguments here. Redressability requires only that "'a favorable ruling could potentially lessen [a plaintiff's] injury,'" and "the ability 'to effectuate a partial remedy' satisfies the redressability requirement." ECF No. 36 at 12–13 (quoting *Sanchez v. R.G.L.*, 761 F.3d 495, 506 (5th Cir. 2014), and *Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021)). It likewise undercuts the State's various arguments that Plaintiffs have failed to establish redressability because other actors (such as private property owners) could still prevent Plaintiffs from carrying in certain locations. Even if Texas were correct that a favorable decision may not "ultimately cause" Plaintiffs' injury to be *eliminated*, a court order removing unconstitutional conduct that has harmed Plaintiffs is redress, even if they may still suffer a similar type of harm after the judgment from other sources.

### *United States v. Texas*

When confronting a challenge to the constitutionality of the State's immigration law (commonly known as SB 4) in *United States v. Texas*, the Fifth Circuit rejected Department of Public Safety Director Freeman Martin's argument that he was not subject to suit under the *Ex Parte Young* exception to sovereign immunity. 2025 WL 1836640, at *16 (slip op. at 39–40). In reaching this conclusion, the Court quoted its analysis in *National Press Photographers Association v. McCraw*, where it 'held that the DPS Director has 'more than just the general duty to see that the state's laws are implemented—[he is] *directly* responsible for enforcing Texas's

criminal laws,'" and that "DPS officers 'arrest people for violating Texas law, exercising "compulsion or constraint" in service of the law.'" *Id.* (slip op. at 39) (quoting *Nat'l Press Photographers Ass'n*, 90 F.4th at 786). This holding thus reinforces the conclusion that Director Martin is subject to suit here, just as Plaintiffs argued in opposition to Defendant's cross-motion for summary judgment. ECF No. 4–5 (citing *Nat'l Press Photographers Ass'n*).

Dated: July 8, 2025

/s/ Bradley A. Benbrook
Bradley A. Benbrook* (TX Bar No. 24142064)
Stephen M. Duvernay* (TX Bar No. 24139565)
BENBROOK LAW GROUP, P.C.
701 University Avenue, Suite 106
Sacramento, California  95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

Respectfully submitted,

R. Brent Cooper (TX Bar No. 04783250)
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas  75202
Telephone: (214) 712-9500
brent.cooper@cooperscully.com


*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

3

## CERTIFICATE OF SERVICE

      I hereby certify that, on July 17, 2025, a true and correct copy of the foregoing document and all supporting documents filed concurrently therewith were served via the Court's CM/ECF system to all counsel of record.

                                            /s/ Bradley A. Benbrook
                                            Bradley A. Benbrook