IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHARLES ZIEGENFUSS, DAVID MONTGOMERY, BRIAN ROBINSON, and FIREARMS POLICY COALITION, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> FREEMAN MARTIN, in his official capacity as Director and Colonel of the Texas Department of Public Safety, <br><br> *Defendant*. | CIVIL ACTION NO. 4:24-cv-01049-P |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF**

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

REPLY ARGUMENT ................................................................................................... 1
A. DPS Comes Nowhere Close To Showing The Motion Was "Unduly Delayed" Under The Governing Cases ................................................................................................ 2
B. Permitting Amendment Will Not Unduly Prejudice DPS .................................... 5
C. DPS Has Not Established That The Proposed Amended Complaint Would Be "Clearly Futile." ................................................................................................... 8
D. Rule 15(a)'s Presumption In Favor Of Amendment Must Prevail Here ............ 9
CONCLUSION ............................................................................................................ 10
CERTIFICATE OF SERVICE .................................................................................... 11

# REPLY ARGUMENT

The Department of Public Safety blames Plaintiffs for the natural result of its own actions. Plaintiffs' Motion for Leave to Amend is necessitated by DPS's gamesmanship. DPS has invited the amendment by engaging in a classic bait and switch: After agreeing with the Court and Plaintiffs that the case was well-suited to proceed directly to summary judgment, DPS dubiously claimed that, as a factual matter, the agency has nothing to do with enforcing the Carry Bans at issue here, so the only way to redress Plaintiffs' injuries is to name local law enforcement as defendants. To be sure, Plaintiffs dispute that this is correct. DPS is the state agency responsible for enforcing the laws at issue here. If the Court dismissed DPS, Plaintiffs would therefore remain in fear of arrest and prosecution across the entire state of Texas.

DPS spends most of its opposition swinging away at an argument that Plaintiffs have not made. Plaintiffs do not argue that the amended complaint is needed to defeat any of DPS's justiciability arguments. Given this simple point, DPS cannot be heard to repeatedly oppose the amendment on the grounds that it is offered to "bypass" its justiciability arguments.

The rest of DPS's theories fare no better:

1. Plaintiffs have not unduly delayed seeking amendment. Plaintiffs promptly proposed amending their complaint to add local jurisdictions after DPS raised justiciability arguments related to such jurisdictions' absence. And the agency's timeliness complaints cannot be credited where the amended complaint would not change the factual claims or legal arguments as to DPS at all. This case bears no resemblance to the few cases where the presumption in favor of allowing amendments is overcome because the plaintiff waited too long.

2. DPS has failed to show prejudice for a similar reason: Aside from adding new defendants, the core theory of recovery remains unchanged—Plaintiffs assert the same Second Amendment challenge to the same Carry Bans that they asserted in their original complaint. There is no prejudice to DPS because the case remains fundamentally the same.

3. Finally, DPS's passing argument that amendment should be denied on the grounds of futility ignores the governing legal standard. This Court has consistently held that, unless a

proposed amendment is "clearly futile" on its face, the appropriate course is to test an amended pleading through dispositive motion practice.

The Court should grant Plaintiffs' motion for leave to amend.

**A.    DPS Comes Nowhere Close To Showing The Motion Was "Unduly Delayed" Under The Governing Cases.**

That DPS chose to lead with the argument that Plaintiffs "unduly delayed" filing their motion to amend, citing *Smith v. EMC Corp.*, 393 F.3d 590 (5th Cir. 2004), reveals just how weak its position is. Plaintiffs readily agree with *Smith*'s statement that "for permissive amendment, '*at some point*, time delay on the part of a plaintiff can be procedurally fatal.'" *Id*. at 595 (emphasis added; citations omitted). *Smith* demonstrates, however, that Plaintiffs' motion to amend falls nowhere near that fatal "point" in time. In *Smith*, plaintiff moved to amend and add a fraud claim *at the end of trial*. *Id*. at 594. And even then, the Fifth Circuit did not say plaintiff's delay categorically foreclosed his motion; instead, the court found that his reasons for delay did not pass muster. This case is in its infancy by comparison. Plaintiffs proposed amending soon after DPS raised the specter for the first time, however improbable, that non-party local governments can be counted on to enforce the Carry Bans even if the Court enjoined DPS from enforcing them. DPS did not forecast this argument in its Answer, else Plaintiffs would have addressed this issue prior to summary judgment briefing.[1]

The State's suggestion that Plaintiffs must show "excusable neglect," Opp. at 4, is little more than clever citation work in an effort to elevate Plaintiffs' burden. In *Smith*, the Fifth Circuit referenced "excusable neglect" when, as noted above, the plaintiff sought to amend his complaint

---

[1] DPS strains to recast (Opp. at 5) Plaintiffs' statement that it never occurred to them that DPS "would defend the case by inviting [local] law enforcement officers to carry on enforcing the laws if and when this Court enjoins the DPS from enforcing them." Mot. at 7. The reason Plaintiffs did not expect that argument? DPS's counsel previously advised that it had never seen a local jurisdiction ignore an injunction against a state officer, even when it had ample political motivation to keep enforcing the law. *See*, *e.g.*, *United States v. Texas*, 719 F.Supp.3d 640 (W.D. Tex. 2024) (enjoining DPS, Attorney General, Governor, and El Paso County district attorney from enforcing S.B.4's immigration rules; no other local jurisdiction bound). The proposed amendment would mostly eliminate that risk, which DPS now claims is real.

on the last day of trial. 393 F.3d at 594–95. In affirming the trial court's denial of the motion, the court recognized that leave to amend "should be freely given" through pretrial proceedings, and that later-tendered amendments must be justified by a showing of "oversight, inadvertence, or excusable neglect." *Id.* at 595 (citations omitted). That is manifestly not the case here. And in *Daves v. Payless Cashways, Inc.*, the Fifth Circuit similarly invoked "excusable neglect" when faulting a plaintiff for her "unjustified" and "unexplained" delay of nearly two years when she sought to amend "on the eve of trial after discovery." 661 F.2d 1022, 1025 (5th Cir. 1981). This, too, is distinguishable, and for the same reason: This is not a case where Plaintiffs dragged their feet through years of discovery and trial and then tried to amend at the last minute.

Nor is DPS remotely aided by citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073 (5th Cir. 1990), with a parenthetical noting that the requested amendment occurred at the summary judgment stage. Opp. at 4. In *Fisher*, the plaintiff had already lost once on summary judgment and was given an opportunity to file a second amended complaint. 895 F.2d at 1076. The court denied plaintiff's motion to file a third amended complaint and conduct discovery during the second round of summary judgment briefing. *Id*. But the Fifth Circuit did not affirm because the case was at the summary judgment stage. Rather, it agreed with the district court that the record showed further discovery would not have helped plaintiff; he was going to lose as a matter of law under his new theory as well. *Id*. at 1078 ("[A] plaintiff's entitlement to discovery prior to a ruling on a summary judgment motion may be cut off when, within the trial court's discretion, the record indicates that further discovery will not likely produce facts necessary to defeat the motion.").

Thus, contrary to DPS's theory, this case is not in such an "advanced posture" (Opp. at 4) that an amendment could properly be denied. DPS's theory turns entirely on its assumption that it is about to prevail on one of its jurisdictional arguments. But DPS ignores that the Court's briefing orders (ECF Nos. 32 and 34) contemplate that the State's justiciability arguments will be addressed when the Court considers the merits after the amicus brief and Plaintiffs' response are filed this fall. And the case would likely be even *less* advanced had Texas not retreated from its agreement that only legal issues were at play here.

In any event, Plaintiffs agree (again) with the general rule that this motion "should be assessed 'in light of the procedural history and posture of the case.'" Opp. at 4 (quoting *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004)). In *Mayeaux*, for example, the Fifth Circuit affirmed the denial of a request to file a third amended complaint after several years of litigation and extensive discovery. 376 F.3d at 427–28. The principal rationale for the denial, however, was not mere delay, but rather the prejudice inherent in the proposed amendment's scope: the plaintiffs sought to "abandon … the claim that had been at the core of the Plaintiffs' case from the outset" to instead "essentially plead[] a *fundamentally different* case." *Id.* at 427. But here, of course, Plaintiffs do not seek to "work a massive change in the nature and direction of the case." *Id.*

DPS puts most of its chips on the theory that the motion is too late simply because it arrives during summary judgment proceedings. Yet DPS cannot squeeze this into the prototype envisioned by the cases, where a plaintiff makes a last-ditch effort to "avoid summary judgment by the expedient of amending its complaint." Opp. at 4 (quoting *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990)). As with *Mayeaux*, *Overseas Inns* offers a useful contrast: The plaintiff there waited over two-and-a-half years before seeking leave to amend, sought amendment over a year after filing its own summary judgment motion, and the amendment was "unanticipated" given the "extensive" proceedings that had taken place. 911 F.2d at 1151. None of that is the case here. On that score, DPS totally ignores Plaintiffs' discussion of *Ramachandran v. Jain*, which exemplifies the general rule: leave to amend is properly denied when a party litigates for several years and then seeks to file an amended complaint that offers a new and inconsistent theory to dodge an adverse summary judgment ruling. *See* Mot. at 7 (citing *Ramachandran*, No. 3:18-cv-811, 2022 WL 102612, at *3 (N.D. Tex. Jan. 11, 2022)).

In the end, DPS needlessly expends energy complaining that the amendment is unfairly aimed at preventing DPS from prevailing on summary judgment. DPS refuses to grasp that Plaintiffs are not seeking to alter their claims vis-à-vis DPS *at all*. Plaintiffs are comfortable that DPS's jurisdictional arguments are meritless. Nevertheless, if one of those arguments carries the

4

day, then DPS will prevail at summary judgment regardless of who else is added as defendants.[2] Plaintiffs' proposed amendment is thus directed at ensuring relief on the merits against *at least one* proper defendant. Rule 15 exists precisely to permit such amendments and avoid the sort of "technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981), that DPS resorts to in opposing relief.

**B.    Permitting Amendment Will Not Unduly Prejudice DPS.**

The primary question when considering a motion to amend is prejudice, which "is the 'touchstone of the inquiry under rule 15(a).'" *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (quoting *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir.1997)). Thus, "[i]n reviewing the timeliness of a motion to amend, delay alone is insufficient: The delay must be *undue*, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478 (5th Cir. 2018). Delay therefore justifies denial of leave to amend only where it "'presents the possibility of serious prejudice to the opponent,'" as when "it hinders the opposing party's ability to respond to the proposed amendment or to prepare for trial." *Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130 (5th Cir. 2015) (citation omitted).

DPS's core prejudice argument is that Plaintiffs' proposed amendment "would bring a new claim to the prejudice *of the State*" and "would widen the scope of their lawsuit to the detriment *of the State*" by adding the Executive Director of the TABC and addressing two statutory provisions that tie TABC to the Carry Bans. Opp. at 6 (emphasis added). In that same vein, the opposition frets that adding TABC "would keep the State embroiled in this litigation no matter

---

[2] Contrary to the State's suggestion (Opp. at 4), granting this motion will not imperil the Court's ability to resolve the case on summary judgment. As explained in Plaintiffs' opening brief on this motion (ECF 44 at 7–8), permitting amendment does not require the court to scrap the work the parties have already completed on summary judgment. A motion for summary judgment does not "extinguish[] a plaintiff's right to amend a complaint." *Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984); *see Aforigho v. Tape Prods. Co.*, 334 F.R.D. 86, 91 (S.D. Tex. 2020) (collecting cases permitting plaintiffs to amend in the face of a pending summary judgment motion). And the Court can consider the pending motions for summary judgment in the context of the Amended Complaint because the proposed amendment will not affect Plaintiffs' and DPS' arguments vis-à-vis each other. *See* Mot. at 8 (collecting cases). DPS offers no answer to these points.

5

how the Court rules on the pending summary judgment motions." *Id.* Until now, DPS has argued straight from the *Writ of Erasure Fallacy*[3] about the technical importance of separating out who is and who is not bound by injunctions based on their office. Suddenly, it's all just "the State." Indeed, the opposition appears to focus more on additional work imposed on the Texas Attorney General's office. But the question is whether *DPS itself* would suffer prejudice, and it would not.

First, the proposed amendment does not involve new claims or legal theories and does not "fundamentally alter the nature of the case." *Mayeaux*, 376 F.3d at 427. Although the amended complaint would add new defendants, the core theory of recovery against *all defendants* remains unchanged: Plaintiffs' proposed amended complaint asserts the same Second Amendment challenge to the same three categories of locations where Texas has banned the carry of firearms as Plaintiffs asserted in their original complaint.

DPS wrongly asserts (Opp. at 6) that Plaintiffs "would bring a new claim" by naming the Executive Director of TABC to enjoin enforcement of the 51% sign requirements. The validity of that requirement depends *entirely* on the validity of Penal Code § 46.03(a)(7)'s ban on carrying in bars. It is an auxiliary facet of the underlying Carry Ban that should no longer be enforced if the Carry Ban in bars is enjoined. As a result, this request for relief adds no new legal or factual issues in the proposed complaint. There is therefore no prejudice *to DPS* because the factual and legal issues in the case remain fundamentally unchanged. *See Lowrey*, 117 F.3d at 246 n.2 (recognizing that there is no prejudice where an amendment "merely stated alternative legal theories for recovery on the same underlying facts, rather than fundamentally altering the nature of the case"); *cf. Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992) (affirming order denying leave to amend where the amended complaint would have "established an entirely new factual basis for the plaintiffs' claims" and thus "radically altered the nature of trial on the merits").

Second, courts have routinely rejected the argument that the usual burdens of defending a lawsuit constitute prejudice under Rule 15. *See, e.g.*, *Block v. First Blood Assocs.*, 988 F.2d 344,

---

[3] Jonathan F. Mitchell, *The Writ of Erasure Fallacy*, 104 VA. L. REV. 933 (2018).

351 (2d Cir. 1993) (a party's "time, effort and money … expended in litigating" does not rise to prejudice warranting denial of a motion to amend); *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009) (explaining that "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice"); *Granus v. N. Am. Philips Lighting Corp.*, 821 F.2d 1253, 1256 (6th Cir.1987) (a party's expenditure of "much time and money in pretrial discovery" is not sufficient prejudice to deny amendment); *Moller v. Martian Sales, Inc.*, No. 2:24-cv-228, 2025 WL 890699, at *4 (E.D. La. Mar. 21, 2025) (observing that "while unfortunate, undue prejudice is not established by being required to incur litigation costs"). That DPS has already filed summary judgment briefs does not alter the calculus. Judge Solis has explained in an analogous context: "As to being unduly prejudiced because of time and money already expended in filing two motions to dismiss, while the Court desires and supports litigation economy, it also recognizes that justice may require some repetition of effort and notes the probability that much of the work already done likely can be resubmitted with minimal additional expense and effort." *Molina v. Caliber Home Loans, Inc.*, No. 3:15-cv-757, 2016 WL 3660621, at *5 (N.D. Tex. Mar. 15, 2016); *see also Badaiki v. Schlumberger Holdings Corp.*, No. 4:20-cv-2216, 2021 WL 881271, at *3 (S.D. Tex. Feb. 2, 2021) (quoting *Molina* and permitting amendment while motion to dismiss pending).

Again, the question is not whether "the State's" lawyers would have additional work. Indeed, Plaintiffs could simply file a separate case with identical allegations naming TABC as a defendant, which the State would have to separately defend. DPS cannot overcome the point that adding TABC does not require *DPS* to "prepare a defense for a claim different from the one that was before the court." *Smith*, 393 F.3d at 596 (cleaned up). Plaintiffs' lone Second Amendment claim remains the same. The State has conceded that its Carry Bans are unconstitutional.

In all events, any purported prejudice to DPS cannot be evaluated in a vacuum. The Court must also consider "any prejudice that might arise from denial of leave to amend," along with "judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation." *Chitimacha Tribe of Louisiana v. Harry L. L. Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982). DPS would instead have Plaintiffs file a second case against these additional defendants

7

based on the same facts raising the exact same constitutional claims that are already at issue here, thus leading to wasteful litigation over coordination or consolidation of the cases. That would not serve judicial economy; indeed, it would guarantee delay and unnecessary additional proceedings.

On that score, the procedural posture of the case confirms that DPS would not be prejudiced by the proposed amendment: The Court has appointed *amici* to defend the Carry Bans and set a further briefing schedule on the merits of Plaintiffs' Second Amendment claim. It is therefore not the case that amendment will "unduly delay the Court's final judgment" as the State argues. Opp. at 3.

In sum, the State has not shown that permitting amendment would unduly prejudice DPS.

### C. DPS Has Not Established That The Proposed Amended Complaint Would Be "Clearly Futile."

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). "An amended complaint is futile if it 'would fail to state a claim upon which relief could be granted.' So, to determine futility, '[courts] will apply 'the same standard of legal sufficiency as applies under Rule 12(b)(6).''" *Gaudette v. Angel Heart Hospice, L.L.C.*, No. 24-50523, 2025 WL 1419720, at *1 (5th Cir. May 16, 2025) (citations omitted). However, "[i]f a proposed amendment is not *clearly* futile, then denial of leave to amend is improper." *Moore v. Dallas Indep. Sch. Dist.*, 557 F. Supp. 2d 755, 759–60 (N.D. Tex. 2008) (quoting 6 Wright, et al., Federal Practice and Procedure, § 1487, at 637, 642 (2d ed.1990)). The "clearly futile" standard is necessary to guard against a "premature determination of the merits" that "would require 'a detailed analysis of the proposed pleading' in relation to the causes of action asserted." *Amin-Akbari v. City of Austin, Tex.*, 52 F. Supp. 3d 830, 836 (W.D. Tex. 2014) (quoting *Moore*). With that in mind, this Court "often looks warily at efforts to preempt an analysis of a new cause of action in the context of a dispositive motion by denying leave in the Rule 15(a) context on the basis of futility." *Hime v. AS Am. Inc.*, No. 3:23-cv-997, 2024 WL 967850, at *2 (N.D. Tex. Mar. 5, 2024). Instead, "the court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion,"

8

"where the procedural safeguards are surer." *Reneker v. Offill*, No. 3:08-cv-1394, 2011 WL 1427661, at *1 (N.D. Tex. Apr. 13, 2011) (citation omitted).

Neither of DPS's two arguments meets the high threshold for showing futility.

DPS first claims that the amendment is a "futile" attempt to "defeat Defendant's justiciability arguments." Opp. at 7–8. Not so. Yet again, Plaintiffs confirm that DPS's Article III and *Ex Parte Young* arguments on Director Martin's behalf remain untouched by the proposed amendment and will rise and fall based on the arguments presented by the parties in their competing summary judgment briefs.

DPS next insists, without any legal authority or serious analysis, that the proposed addition of the Executive Director of the TABC is futile based on the assertions that (1) Plaintiffs lack standing to challenge the 51% regulations and, (2) that the TABC would be an improper defendant. This is not sufficient to warrant denial on futility grounds: This Court "generally only denies a proposed amendment as futile where the cause of action is not, in fact, newly pleaded or where a new cause of action fails as a matter of law—that is, cannot be stated, rather than simply possibly has not been sufficiently stated in the proposed amended complaint." *Hime*, 2024 WL 967850, at *3. The appropriate course is for the Court to grant the motion to amend and let the agency raise these issues through a dispositive motion.

The State has failed to meet the high standard of demonstrating that Plaintiffs' proposed amendment is "clearly futile."

D.     **Rule 15(a)'s Presumption In Favor Of Amendment Must Prevail Here.**

Plaintiffs' request to file an amended complaint must be viewed against Rule 15(a)'s background principles. "Rule 15(a) requires a trial court to grant leave to amend 'freely,' and the language of this rule evinces a bias in favor of granting leave to amend." *Smith*, 393 F.3d at 595 (citation and internation quotations omitted). Accordingly, "[a] district court must possess a 'substantial reason' to deny a request for leave to amend." *Id.* (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). It follows that Rule 15 imposes a heavy presumption in favor of permitting amendment so that matters can be resolved on the merits.

9

"[D]istrict courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux,* 376 F.3d at 425. And "leave to amend should be liberally granted, when the plaintiff might be able to state a claim based on the underlying facts and circumstances." *Hernandez v. W. Tex. Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 468 (5th Cir. 2023).

Put simply, "[t]he policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy*, 660 F.2d at 598; *accord Chitimacha Tribe of La.*, 690 F.2d at 1163 (the purpose of Rule 15(a) "is to assist the disposition of the case on its merits, and to prevent pleadings from becoming ends in themselves"). Just as with its arguments surrounding justiciability, DPS side-steps binding precedent and proceeds by cherry picking miscellaneous clips from authority that bear no actual relation to the question before this Court. The overriding principle in these cases is that courts are rightfully skeptical of parties who, after years of litigation and with the writing on the wall, try to salvage a case with an amended pleading that would drastically change the legal theories at play. Those cases have no applicability here.

## CONCLUSION

For the reasons set forth above and in the opening brief, Plaintiffs' motion for leave to file a first amended complaint should be granted.

Dated: July 22, 2025

Respectfully submitted,

/s/ Bradley A. Benbrook
Bradley A. Benbrook* (TX Bar No. 24142064)
Stephen M. Duvernay* (TX Bar No. 24139565)
BENBROOK LAW GROUP, P.C.
701 University Avenue, Suite 106
Sacramento, California 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

R. Brent Cooper (TX Bar No. 04783250)
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
brent.cooper@cooperscully.com
*Admitted *pro hac vice*
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 22, 2025, a true and correct copy of the foregoing document and all supporting documents filed concurrently therewith were served via the Court's CM/ECF system to all counsel of record.

/s/ Bradley A. Benbrook
Bradley A. Benbrook